UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DR. WILLIAM BAILEY JONES, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1673-JDT-TAB |
| | ) | |
| ST. JOHN'S HEALTH SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

**DISCOVERY ORDER**

At counsel's request, the Court recently held a telephonic status conference with counsel to address a discovery dispute regarding Plaintiff's objections to Defendant's non-party subpoenas. Defendant served subpoenas on five of Plaintiff's former employers seeking information dating back five years prior to the time that Plaintiff began his employment with the Defendant in September 2003. Plaintiff claims that these subpoenas are nothing more than a fishing expedition, whereas Defendant claims that the subpoenas are proper based upon the doctrine of after-acquired evidence.

This Court has quashed subpoenas when they are excessive in number and do not appear appropriately tailored to seek meaningful discovery. *See, e.g., Perry v. Best Lock Corp.*, 1999 WL 33494858, at * 3-4 (S.D. Ind. Jan. 21, 1999) (quashing subpoenas where Defendant served nineteen subpoenas on plaintiff's current and former employers in an exercise the court described as "swamp-drudging and muck-raking." On the other hand, properly focused subpoenas have survived attack, at least as to information sought from prior employers as opposed to the plaintiffs' current employers. *See, e.g., Graham v. Casey's General Stores*, 206 F.R.D. 252

(S.D. Ind. 2002) (quashing subpoena seeking discovery from plaintiff's current employer but allowing discovery from previous employer); *Richmond v. UPS Serv. Parts Logistics*, 2002 WL 745588 (S.D. Ind. 2002) (applying *Graham* and reaching a similar result).

However, in both *Graham* and *Richmond*, the plaintiffs had criminal records, and the defendants were attempting to subpoena records (such as employment applications) to determine whether the plaintiffs had lied about their criminal backgrounds. As stated in *Richmond*, 2002 WL 745588 at *3, "Such after-acquired evidence includes any misrepresentations Richmond may have made to previous employers about his criminal record or his employment history." In contrast, the Defendant in the instant case is not suggesting that the Plaintiff has any criminal history, or that he otherwise made material misrepresentations to prior employers. Rather, the Defendant simply wants to subpoena these records to see what might be out there. The Court finds that Defendant casts its discovery net too widely.

In applying the doctrine of after-acquired evidence as a limit on plaintiffs' remedies, the Supreme Court expressly acknowledged concerns that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist employment claims. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 363 (1995). The *McKennon* court stated that in such circumstances the court has the authority to deter any possible discovery abuses. *Id.*

In the case at bar, the Defendant is not engaging in discovery abuse. However, the Court agrees with the Plaintiff that the discovery is overbroad. Defendant has subpoenaed five of Plaintiff's former employers seeking information dating back five years prior to the time that Plaintiff began his employment with Defendant in September 2003. Defendant has no reason to

believe that the after-acquired evidence doctrine is applicable, and will not be permitted to pursue this expansive discovery just to find out what might turn up.[1]

Dated: 08/27/2007

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] The Court is not saying that all third party discovery is off limits. A properly focused subpoena or two might be permissible, depending on the particulars of that situation. Defendant may refocus its third party discovery in light of this entry, and the Court can revisit this issue if necessary at the scheduled September 13, 2007, status conference.

Copies to:

Thomas M. Dixon
DIXON WRIGHT & ASSOCIATES PC
tdixon3902@comcast.net

Kevin Joseph Gfell
HALL RENDER KILLIAN HEATH & LYMAN
kgfell@hallrender.com

Stephen W. Lyman
HALL RENDER KILLIAN HEATH & LYMAN
slyman@hallrender.com